UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ARTURO RIVERA-GALLEGOS,<br><br>                              Defendant. | Case Nos.: 12CR3814-JLS<br>                18CV2059-JLS<br><br>**ORDER DENYING AND DISMISSING DEFENDANT'S MOTIONS UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE and DENYING CERTIFICATE OF APPEALABILITY**<br><br>**[ECF Nos. 216 and 218]** |

On September 5, 2018, Defendant Rivera-Gallegos, proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (ECF No. 216). On December 3, 2018, Defendant filed a second Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (ECF No. 218). No briefing schedule was imposed, and Plaintiff has not filed any response. Defendant has been released from custody since the filing of his motions, but there is a supervised release violation petition pending. ECF No. 219. Therefore, collateral consequences continue to result from the sentence imposed in this matter and the Court does not consider the motions to be mooted by Defendant's release from custody.

Defendant's second motion was filed more than one year after his conviction became final[1] and is therefore untimely pursuant to 28 U.S.C. § 2255(f)(1).[2] Defendant has presented no reason why the claim raised in the second motion could not have been timely filed, thus Defendant's second motion will be dismissed as time-barred.

Turning to Defendant's first motion, Defendant claims that his offense conduct did not constitute a felony assault under 18 U.S.C. § 111(a)(1). Following a jury trial, Defendant was convicted of one count of assault on a federal officer in violation of 18 U.S.C. § 111(a)(1) and one count of being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). ECF No. 179. Defendant was sentenced to a term of imprisonment of 78 months on each count, to run concurrently. *Id.* Defendant appealed the final judgment, and the Ninth Circuit affirmed the conviction on June 6, 2017. ECF No. 215.

Defendant contends that his conduct on the date of his arrest was an act of civil disobedience and can only constitute a misdemeanor offense under 18 U.S.C. § 111(a)(1). While it is true that Section 111(a)(1) describes both misdemeanor and felony offenses, the offense charged against Defendant was a felony and required proof of physical contact. Section 111(a)(1) prohibits the forcible assault, resistance, opposition, impediment, intimidation or interference with a federal officer engaged in the performance of official duties. When the acts in violation of the statute constitute only simple assault, the offense is designated a misdemeanor. However, "where such acts involve physical contact with the victim of that assault…[the person shall be] imprisoned not more than 8 years."

---

[1] Defendant's petition for rehearing of the order affirming his conviction was denied August 2, 2017. Thus, Defendant's conviction became final on November 1, 2017, ninety-one days thereafter. *See Clay v. United States,* 537 U.S. 522, 527 (2003) (recognizing that a federal judgment becomes final when, if a petitioner does not seek certiorari, the time for filing a certiorari petition expires); Sup.Ct.R.13 (establishing 90-day period for filing petition for certiorari).

[2] 28 U.S.C. 2255(f)(1) establishes a 1-year period of limitation running from "the date on which the judgment of conviction becomes final."

In this case, the jury was instructed as follows:

> The defendant is charged in the indictment with assault on a federal officer in violation of Section 111(a) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant forcibly assaulted United States Border Patrol Agent J. Ambriz; and
>
> Second, the defendant did so while Agent Ambriz was engaged in, or on account of his official duties; and
>
> Third, the defendant made physical contact.
>
> There is a forcible assault when one person intentionally strikes another.

Jury Instructions, ECF No. 140 at 13.

Having returned a guilty verdict in light of these instructions, the jury necessarily found the Defendant's conduct constituted a felony offense under Section 111(a)(1). Thus, the Court finds Defendant's claim that the offense should be designated a misdemeanor to be without merit.

Accordingly, Defendant's first Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (ECF No. 216) is **Hereby Denied**. The Court finds Defendant's second motion to be time-barred under 28 U.S.C. §2255(f). Thus, Defendant's second Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (ECF No. 218) is **Hereby Dismissed.**

///
///
///
///
///

1  Additionally, the Court **Denies** Defendant a certificate of appealability, as Defendant has
2  not made a substantial showing that he has been denied a constitutional right.
3      IT IS SO ORDERED.
4  Dated: August 9, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge